IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLIN HAWKINS,<br><br>                Petitioner,<br><br>v.<br><br>SALT LAKE COUNTY SHERIFF'S OFFICE et al.,<br><br>                Respondents. | **MEMORANDUM DECISION<br>& ORDER DISMISSING<br>HABEAS PETITION**<br><br>Case No. 2:19-CV-490-CW<br><br>District Judge Clark Waddoups |

As a pre-trial detainee, Petitioner Dallin Hawkins filed a habeas-corpus petition under 28 U.S.C.S. § 2241 (2020). (ECF No. 4.) He requests release from custody and monetary damages.

Petitioner raises the following grounds for relief:

(1) Salt Lake County entities denied him due process by,

    (a) refusing to transport him to a hearing, and provide paperwork, for his child-custody case, which caused him to lose custody of his son; and,

    (b) keeping him from information about his criminal case, which caused him difficulty in properly defending himself.

(2) Salt Lake County entities cruelly and unusually punished him by,

    (a) defaming him in front of other inmates; and,

    (b) denying him proper medical treatment and food.

(3) Salt Lake County entities denied him constitutionally protected free exercise of religion and free speech by,

(a) confiscating his Bible; and,

(b) putting up barriers to Petitioner filing grievances.

**ANALYSIS**

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2020). Petitioner has entirely misapprehended the nature of a habeas-corpus petition. None of his claims state that the fact of his imprisonment violates federal law. His claims instead involve (a) child-custody proceedings, which are not criminal in nature and do not result in a parent's imprisonment; and (b) conditions of confinement, which are properly addressed in a civil-rights complaint, 42 *id*. § 1983. And, the claim of Petitioner being denied access to information to properly defend himself should be raised within his ongoing state criminal case through his defense attorney.

Further, monetary damages are not a remedy in a habeas-corpus case. *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 494 (1973). In contrast, a civil rights action for damages pursuant to 42 U.S.C. 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions. *Id.* at 499 & n.14.").

The Court has reviewed the petition and notes that Petitioner describes his claim as a "Civil Rights Lawsuit." As discussed, a civil rights claim cannot procedurally be brought under § 2241, but if Petitioner intends to pursue a claim for violation of his civil rights he must do so

under the appropriate procedure, including paying the required filing fee. The court has made no determination about whether Petitioner may or may not have stated facts that would support a meritorious civil rights claim. The court has directed the clerk to provide Petitioner with the appropriate forms should he chose to proceed with such a claim.

## MOTION FOR APPOINTED COUNSEL

Petitioner moves the Court to request an attorney to represent him free of charge.

The Court notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas-corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2020).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims under § 2241. . *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies Petitioner's motion for appointed counsel.

# CONCLUSION

The petition does not--as it must to be valid--successfully argue that the fact of Petitioner's confinement violates federal law under § 2241.

**IT IS THEREFORE ORDERED** that:

(1) The petition is **DENIED**. (ECF No. 4.)

(2) Motion for appointed counsel is **DENIED**. (ECF No. 5.)

(3) Certificate of appealability is **DENIED**.

(4) Clerk of Court is directed to **CLOSE** this action.

(5) Clerk's Office shall mail Plaintiff a Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue any conditions-of-confinement claims.

DATED this 26th day of February, 2020.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court